UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELVIN HERNANDEZ-MENDOZA,

                    Petitioner,

        v.

WILLIAM BARR, et al.,

                    Respondent.

CASE NO. C20-1348-RSM-BAT

**REPORT AND
RECOMMENDATION**

Petitioner seeks release from Immigration and Customs Enforcement (ICE) detention under 28 U.S.C. § 2241. Dkt. 6. He contends his detention at the Northwest ICE Processing Center (NWIPC) since April 18, 2018 violates his constitutional rights because the bond the IJ ordered is non-existent or too high; under 8 U.S.C § 1226(a), he is entitled to a bond hearing conducted by a neutral fact-finder; and the length of detention violates due process. *Id.* Although not raised as a ground for relief in the habeas petition, petitioner also claims he should be released due to the impact of COVID-19 on conditions of confinement at NWIPC. *Id.* (see petitioner's Declaration). As relief, he requests the Court order he be released or granted another bond hearing. *Id.* at 2.

On October 23, 2020, the government filed a response arguing the Court should deny relief and dismiss the petition, Dkt. 9. Petitioner filed a reply and a supplemental pleading

REPORT AND RECOMMENDATION - 1

arguing otherwise. Dkt. 11 and 12.  The matter was noted for November 20, 2020 and is now ripe for the Court's consideration.

The government agrees petitioner is detained under 8 U.S.C § 1226(a) because the Circuit Court for the Ninth Circuit has temporarily stayed petitioner's removal. *Id.* at 17-18. However, the government disagrees petitioner's detention is unlawful.

When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an IJ. 8 C.F.R. § 236(d)(1). At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). An IJ also may consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States. *Id.*

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008). Procedural due process requires such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

In moving to dismiss, the Government assumes petitioner is detained under § 1226(a), the statute that petitioner identifies in his habeas petition. *See* Dkt. 9 at 19. A noncitizen detained under § 1226(a) is entitled to release only if he can show that his detention is indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1062-63 (2008). In *Prieto-Romero*, the Ninth Circuit held that the petitioner's detention was not indefinite because the government could repatriate him to Mexico if his petition for review was unsuccessful. *Id.* Here, the Government has presented evidence that it can and will repatriate petitioner to Honduras if he is ultimately ordered removed. Dkt.9, Ex. 3, Miguel Decl. ¶ 16. Accordingly, petitioner's removal is not indefinite, and he is not entitled to release.

Petitioner also seeks an additional bond hearing. Until recently, Ninth Circuit jurisprudence required noncitizens detained under § 1226(a) to be provided automatic bond hearings every six months at which the government was required to justify continued detention by clear and convincing evidence. *Rodriguez v. Robbins*, 804 F.3d 1060, 1084-85, 1087 (9th Cir. 2015) ("*Rodriguez III*"), *rev'd sub nom Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). The Supreme Court reversed, explaining that the Ninth Circuit had misapplied the canon of constitutional avoidance and that "[n]othing in § 1226(a)'s text . . . even remotely supports the

imposition of" periodic bond hearings where the government bears the burden. *Jennings*, 138 S.
Ct. at 847. The Supreme Court did not decide whether the Constitution requires such periodic
hearings and remanded to the Ninth Circuit for consideration of that question.

On the facts of this case, the Court concludes that due process does not require an
additional bond hearing at this time. "Due process is flexible and calls for such procedural
protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).
To determine the requirements of due process, courts consider (1) the private interest affected,
(2) the government's interest, and (3) the value added by alternative procedural safeguards to
what has already been provided in the particular situation before the court. *Id.* at 334-35; *see also
Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 775 (N.D. Cal. 2019) ("In the absence of binding
authority establishing a categorical right to a periodic bond hearing, the Court must conduct an
individualized due process analysis pursuant to the conventional [*Mathews*] factors.") (internal
quotation marks omitted); *Madrigal v. Nielsen*, No. 18-843, 2018 WL 4732469, at *3 (W.D.
Wash. Aug. 31, 2018), *Report and Recommendation adopted*, 2018 WL 4700552 (W.D. Wash.
Oct. 1, 2018) (applying *Mathews* due process analysis to determine whether due process required
subsequent bond hearing).

Petitioner's freedom from detention is at stake, which is an important interest that "lies at
the heart of the liberty that [the Due Process] Clause protects." *Rodriguez III*, 804 F.3d at 1066.
Petitioner has been detained since 2018, and it has been over two years since his bond hearing.
*See* Dkt. 9 Miguel Decl., ¶ 8 (IJ bond decision August 14, 2018). While this is significant, the
government also has legitimate interests that are implicated by petitioner's continued detention:
assuring he will appear if ultimately ordered removed and protecting the public from him given
his criminal history. *See Soto v. Sessions*, No. 18-2891, 2018 WL 3619727, at *4 (N.D. Cal. July

REPORT AND RECOMMENDATION - 4

1  30, 2018) (citing 8 C.F.R. § 236.1(c)(8) (allowing release from detention if noncitizen "is likely

2  to appear for any further proceeding" and "would not pose a danger to property or persons"));

3  *Zadvydas*, 533 U.S. at 690-91). Here petitioner was convicted of sexual assault and coercion.

4  The convictions support the government's position and cuts against petitioner's claims he does

5  not pose a danger to the community.

6      As to the third factor, Petitioner already has received one individualized bond hearing

7  before an immigration judge, who found that he presents a danger to the community. Dkt. 9,

8  Miguel Decl., ¶ 8 ("The IJ denied Hernandez's request for bond concluding Hernandez was a

9  danger to the community."). Petitioner acknowledges the IJ denied bond on the grounds he was a

10 danger to the community. While petitioner disagrees with the finding he fails to present evidence

11 that the IJ committed constitutional or legal error. He simply disagrees with the judge's findings,

12 but his argument and disagreement do not establish error. Petitioner indicates he appealed to the

13 Board of Immigration Appeals (BIA) and the BIA upheld the IJ's determination. *Id.* He also

14 indicates he has sought redetermination which was denied and has appealed to the Circuit Court.

15 He claims that his health, "continuance of education" and length of incarceration are "materially

16 changed circumstances supporting another hearing and release. *Id.*

17     Weighing the three *Mathews* factors, the Court concludes that petitioner has received the

18 due process protections to which he is entitled at this time. Although he has been detained for a

19 prolonged period of time and has not received a bond hearing in over two years, he fails to

20 identify any change in his circumstances that might warrant a different bond determination. *See*

21 *Lopez Reyes*, 362 F. Supp. 3d at 777 (granting subsequent bond hearing based on evidence of a

22 "material change in circumstances coupled with the passage of time," and noting that the court

23 was "*not* making a finding that the mere passage of time requires a second bond hearing")

REPORT AND RECOMMENDATION - 5

(emphasis in original). His prolonged detention, and as discussed below, the impact of COVID-19 are not material changes of circumstance compelling another hearing or release.

The government also argues the Court should reject petitioner's claim that the impact of COVID-19 compels release. The government contends the Court should reject the claim because petitioner fails to establish the measures NWIPC has taken to address COVID-19 are insufficient or violate petitioner's rights, or that petitioner has a peculiar health condition that compels release despite the measures NWIPC has undertaken. In support the government submitted the declaration of Drew Bostick and Sheri Malakhova, M.D. Dkt. 9, Ex. 1 and 2.

The Court finds petitioner has not shown the conditions of detention violate his rights. The health precautions outlined in the declarations of Mr. Bostick and Dr. Malakhova regarding the steps respondents have taken to prevent the introduction of COVID-19 into the general population at NWIPC and to prevent its spread between units should it be introduced, establishes petitioner has not met his burden of proof to establish a substantial risk of serious harm due to the current conditions of detention at NWIPC. Petitioner disagrees with the government's arguments but the Court cannot say NWIPC has failed to take significant action to address the impact of COVID-19 and that the conditions at the facility violate petitioner's rights.

In regard to petitioner specially, Dr. Malakhova indicates he is at higher risk due to a body mass index over 30 and slower than normal heart rate periodically. Malakhova, Decl. at 12. But the doctor indicates that past chest x-ray, screening lab tests and electrocardiogram tests have all been normal; petitioner has no significant ill effects when his resting heart rate is slowed and that petitioner's June 2020 COVID-19 test was negative. *Id.*

In sum, the Court concludes petitioner has failed to establish the conditions at NWIPC violate his constitutional rights or that he is do vulnerable to COVID-19 that he must be released

from custody. Petitioner also contends in both his reply to the government's response and in his supplement to this reply that because he is at risk for COVID complications and he is not a danger to the community the Court should thus order his immediate release. Dkts. 10, 11. But as noted above the Court concludes the impact of COVID-19 is not grounds for release in this case and the IJ's finding that petitioner is a danger to the community and should not be released is supported. Petitioner contends there is a material change of circumstances that support release. However, there is no dispute petitioner was convicted of two serious criminal offenses (sexual assault and coercion) and that his criminal convictions support the immigration detention decision and cut against petitioner's claim he does not present a risk of danger. The Court therefore recommends denying petitioner's request that he be released because COVID-19 at NWIPC violates his constitutional rights or because he is not a danger to the community and that continued detention violates his rights.

Accordingly, it is recommended petitioner's petition for writ of habeas corpus under § 2241 be DENIED and that the petition be dismissed with PREJUDICE.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 7, 2020.** The Clerk shall note the matter for **December 11, 2020**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will

then be ready for the Court's consideration on the date the response is due.  Objections and

responses shall not exceed 5 pages. The failure to timely object may affect the right to appeal.

DATED this 23ᵗʰ day of November 2020.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8